**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| K. K. INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-2238-EFM-ADM |
| | ) | |
| UNITED BIOSOURCE CORPORATION, | ) | |
| d/b/a UNITED BIOSOURCE LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED SCHEDULING ORDER**

This matter comes before the court on the parties' Joint Motion to Amend the Scheduling Order. (ECF 28.) By way of this motion, the parties seek an approximately 60-day extension of the remaining scheduling-order deadlines and settings—specifically, the deadlines to complete discovery and to submit the proposed pretrial order, the pretrial conference setting, and the deadline to file dispositive motions.

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that the scheduling order deadline could not be met despite diligent efforts. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019). The good-cause requirement "obligates the moving party to provide an adequate explanation for any delay" and show diligent efforts to meet the deadline imposed. *Id.* at 988. Courts are more likely to find good cause when the moving party has been generally diligent and the need for additional time was neither foreseeable nor the fault of the moving party. *Id.* at 989. However, carelessness or "failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation" are not compatible with a

finding of good cause.  *Id.*   The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

The parties have not demonstrated that they have been diligent in attempting to meet the current scheduling-order deadlines.  In nearly five months of discovery, the parties have only exchanged written discovery.  They broadly state that they "have been diligently working to schedule depositions" (ECF 28, at 2), but the docket belies this assertion.  No deposition notices have been filed.  Although the parties state they have had difficulty locating and scheduling depositions of "multiple witnesses who are outside of the state and/or who are no longer employed by Defendant" (*id.*), they do not explain why they did not account for this fact early in their discovery planning to ensure they could nonetheless depose the witnesses by the discovery deadline, nor do they explain why they have not taken any depositions of defendant's current employees, local witnesses, or plaintiff.  Under these circumstances, the court cannot conclude that the parties have been diligent in meeting the discovery deadline.  Therefore, the parties have not demonstrated good cause to extend the discovery deadline.

That said, the parties are free to take depositions by agreement after the discovery-completion deadline so long as those belated depositions do not interfere with preparing the pretrial order, briefing on dispositive motions, or other pretrial preparations.  Furthermore, there is some latitude in the schedule to extend pretrial-conference-related deadlines, while keeping the dispositive-motion deadline firm.  Accordingly, the court will grant the parties' joint motion in part as follows:

3

| Event | Deadline/Setting |
|---|---|
| Proposed pretrial order due | **May 12, 2023** |
| Pretrial conference | **May 23, 2023, at 10:00 a.m.** |

All other provisions of the original scheduling order remain in effect.   The schedule adopted in this amended scheduling order shall not be modified except by leave of court upon a showing of good cause.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Amend the Scheduling Order (ECF 28) is granted in part and denied in part as set forth above.

Dated March 23, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge